UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HUERTA,<br><br>Petitioner,<br><br>v.<br><br>JAMES HARTLEY,<br><br>Respondent. | 1:09-cv-01366 OWW JMD (HC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

Daniel Huerta ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

Petitioner is in the custody of the California Department of Corrections and Rehabilitation pursuant to a conviction for first-degree murder. He is currently housed at Avenal State Prison in Avenal, California.

Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary proceeding during which he was found guilty of possessing dangerous contraband in violation of California Code of Regulations, Title 15, Section 3006. Petitioner was found guilty of the offense on February 18, 2008.

Petitioner filed a petition for writ of habeas corpus with the Kings County Superior Court. The court denied the petition in a reasoned decision on January 30, 2009. (See Pet. Ex. D, Super. Ct. Decision, Jan. 30, 2009, ECF No. 1.)

Petitioner filed subsequent petitions for writ of habeas corpus with the California Court of Appeal and the California Supreme Court. Both courts issued summary denials.

Petitioner filed the instant petition for writ of habeas corpus on August 5, 2009. Respondent filed an answer on January 15, 2010, and Petitioner filed a traverse on February 5, 2010.

**FACTUAL BACKGROUND**

On February 14, 2008, while performing an unclothed body and clothing search, an Avenal employee ("reporting employee") discovered a razor blade in Petitioner's boot. (Pet. Ex. A, Director's Level Appeal Decision ("Director's Decision").)

The reporting employee reported the contraband and Petitioner was served with a rules violation report ("RVR") on February 17, 2008, at 9:30 a.m. (Pet. Ex. B, RVR, Feb. 14, 2008.) A disciplinary hearing was conducted on February 18, 2008, at 10:00 a.m. (Pet. Ex. F, RVR - Part C, Feb. 18, 2008.) At the hearing, the reporting employee's written report and a photo copy of the razor blade were presented as evidence against Petitioner. (Director's Decision.) The Senior Hearings Officer ("SHO") found Petitioner guilty of possession of dangerous contraband and assessed Petitioner a 120 day loss of good time credit.

Petitioner filed a Second Level appeal, which was denied. (Director's Decision.)

Petitioner filed a Director's Level appeal, which was denied on August 29, 2008. The Director's Level decision found that (1) all due process procedural guidelines were met at the disciplinary hearing; (2) the SHO's guilty finding was supported by a preponderance of the evidence; (3) that the SHO was impartial and ; (4) that Petitioner presented no new or compelling evidence on appeal. Id.

**DISCUSSION**

**I. Jurisdiction**

Where a constitutional violation has resulted in the loss of time credits, such a violation affects the duration of a sentence and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, Petitioner is currently housed in a State facility in Avenal, California, which is located within the jurisdiction of this court. 28 U.S.C. § 84(b) (placing Kings County in the jurisdiction of the Eastern District of California); 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d) (vesting concurrent jurisdiction in the district court of the judicial district wherein the petitioner is in custody and wherein the alleged deprivation took place). Accordingly, the Court has jurisdiction over the action.

**II. Legal Standard of Review**

The instant petition is reviewed under the provisions of Anti-Terrorism and Effective Death Penalty Act (AEDPA). Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id. (quoting Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. When making an "unreasonable application" inquiry, a federal habeas court should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

Thus, the initial step in applying AEDPA's standards is to "identify the state court decision that is appropriate for our review." Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005). Where more than one State court has adjudicated Petitioner's claims, a federal habeas court analyzes the last reasoned decision. Id. (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same ground as the prior order). The Ninth Circuit has further stated that, where it is undisputed that federal review is not barred by a state procedural ruling, "the question of which state court decision last 'explained' the reasons for judgment is therefore relevant only for purposes of determining

whether the state court decision was 'contrary to' or an 'unreasonable application of' clearly established federal law." Bailey v. Rae, 339 F.3d 1107, 1112-1113 (9th Cir. 2003). Thus, a federal habeas court looks through ambiguous or unexplained State court decisions to the last reasoned decision in order to determine whether that decision was contrary to or an unreasonable application of clearly established federal law. Id.

Here, the Kings County Superior Court, the California Court of Appeal, and the California Supreme Court all adjudicated Petitioner's claims. The California Court of Appeal and the California Supreme Court issued summary denials of Petitioner's claims. Therefore, the Court "look[s] through" those decisions to the last reasoned decision; in this case, that of the Kings County Superior Court. See Ylst v. Nunnemaker, 501 U.S. at 804.

**III. Review of Petitioner's Claims**

Petitioner claims that the prison disciplinary action taken against him violated his due process rights because (1) the disciplinary hearing was not held more than twenty-four hours after he received a copy of the RVR; and (2) because the evidence presented against him–a photo copy of a razor blade–was insufficient to find him guilty.

Prisoners cannot be entirely deprived of their constitutional rights but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), (citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least twenty-four hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the

decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing U.S. ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

The superior court found that Petitioner's procedural due process rights were not violated by the time period between Petitioner's receipt of the RVR and the disciplinary hearing. The record reflects that Petitioner received a copy of the RVR at 9:30 a.m. on February 17, 2008, and the disciplinary hearing was not held until 10:00 a.m. on February 18, 2008. The disciplinary hearing was held more than twenty-four hours after Petitioner received a copy of the RVR, thereby comporting with procedural due process requirements. The Court finds that the superior court's decision was not an unreasonable application of federal law.

Additionally, the superior court found "some evidence" to support the SHO's guilty finding. The court agreed with Petitioner that the copy of the razor blade was "not as clear as it could be," but went on to hold that "the Reporting Employee's consistent description of the razor as 'a single edge razor blade' provides adequate foundation for the Senior Hearing Officer's consideration of the photograph as evidence tending to support a finding of Petitioner's guilt." (Pet., Superior Ct. Decision, 2, Jan. 30, 2009.) The Court agrees that the reporting employee's first-hand account constitutes "some evidence" of Petitioner's guilt. Thus, the superior court's finding was not an unreasonable application of federal law.

In sum, the disciplinary hearing satisfied all due process requirements. Petitioner should not be granted habeas relief with regards to this claim and his petition should be denied.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendations is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall

be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: September 7, 2010** **/s/ John M. Dixon**
UNITED STATES MAGISTRATE JUDGE